IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SAMONE T. PARKER, Individually, and as Special Administrator of the ESTATE OF TONYA L. DRAPEAU, deceased,<br><br>    Plaintiff,<br><br>vs.<br><br>THE UNITED STATES OF AMERICA *ex rel.* THE UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; INDIAN HEALTH SERVICE; WINNEBAGO HOSPITAL; VISTA STAFFING SOLUTIONS, INC.; NEVINE MAHMOUD, M.D.; ROBIN HARRIS, R.N.; and DENA NEIMAN, N.P.;<br><br>    Defendants. | Case No. _____<br><br><br><br><br><br>**COMPLAINT AND<br>DEMAND FOR JURY TRIAL** |

COMES NOW, Plaintiff, Samone T. Parker, Individually, and as Special Administrator of the Estate of Tonya L. Drapeau, by and through her counsel of record, and for her Complaint against Defendants, United States of America *ex rel* the Department of Health and Human Services, Indian Health Service, Winnebago Hospital, Vista Staffing Solutions, Inc., Nevine Mahmoud, M.D., Robin Harris, R.N. and Dena Neiman, N.P., states and alleges as follows:

## INTRODUCTION

1. This is a lawsuit brought pursuant to the provisions of 28 U.S.C. §§ 2671 et seq. ("Federal Tort Claims Act") and other applicable law seeking relief for the wrongful death of Tonya L. Drapeau.

## THE PARTIES

2. Plaintiff, Samone Parker, is a Native American citizen, a member of the Omaha Tribe of Nebraska, and a resident of Sioux City, Woodbury County, Iowa. Ms. Parker is the Special Administrator of the Estate of Tonya L. Drapeau, deceased.

3. Defendant, the United States Department of Health and Human Services ("DHHS"), is a federal agency of the United States government. At all times material herein, DHHS was the owner, manager, and/or operator of the Winnebago Hospital, located in Winnebago, Nebraska.

4. Defendant, Indian Health Service ("IHS"), is a federal agency within the DHHS and provides federal health services to Native Americans and Alaskan Natives.

5. Defendant, Winnebago Hospital, is a Great Plains Area IHS Unit medical facility located in Winnebago, Nebraska. Winnebago Hospital provides healthcare services to members of the Omaha and Winnebago Tribes of Nebraska.

6. Defendant, Vista Staffing Solutions, Inc. ("Vista Staffing"), is a Delaware corporation, with its principal place of business located in Cottonwood Heights, Salt Lake County, Utah. Upon information and belief, at all times material herein Vista Staffing contracted with DHHS and the IHS to provide certain medical staff to IHS hospitals, including, but not limited to, Winnebago Hospital.

7. Defendant, Nevine Mahmoud, M.D., is a resident of Dayton, Montgomery County, Ohio.

8. Defendant, Robin Harris, R.N., is a resident of Texas.

9. Defendant, Dena R. Neiman, N.P., is a resident of Lawton, Woodbury County, Iowa.

## JURISDICTION AND VENUE

10. This Court has subject-matter jurisdiction over this lawsuit pursuant to 28 U.S.C. §§ 1346(b), 1367, and 2671-2680.

11. This Court has personal jurisdiction over Defendants pursuant to Neb. Rev. Stat. § 25-536 because they have transacted business in, and supplied services and/or things within, the State of Nebraska.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1402(b) because the actions and/or events giving rise to this lawsuit occurred in Nebraska.

## PROCEDURAL

13. On or about January 26, 2017, Ms. Parker and Ms. Drapeau's next of kin presented a written claim to DHHS for money damages due to the damages and injuries that Ms. Parker, Ms. Drapeau, and Ms. Drapeau's next-of-kin suffered as a result of Defendants' medical malpractice.

14. The written claim that Ms. Parker and Ms. Drapeau's next-of-kin presented to DHHS complies with the provisions of 28 U.S.C. § 2675.

15. More than six (6) months have passed since Ms. Parker and Ms. Drapeau's next-of-kin presented their written claim to DHHS, and DHHS has failed to make final disposition of the said claim.

16. Ms. Parker and Ms. Drapeau's next-of-kin deem DHHS' failure to make final disposition of their written claim as a final denial of that claim for purposes of 28 U.S.C. § 2675.

17. Ms. Parker and Ms. Drapeau's next-of-kin have complied with all conditions precedent in the Federal Tort Claims Act for filing the above-captioned lawsuit against Defendants.

## BACKGROUND

18. On March 21, 2016, Ms. Drapeau presented to the emergency room at Winnebago Hospital with breathing complaints.

19. One or more or all of Defendants and/or their agent(s) and/or employee(s) failed to properly assess, treat, and/or diagnose Ms. Drapeau while she was at Winnebago Hospital and released her from the hospital.

20. Due to the actions and/or inactions of one or more or all of Defendants and/or their agent(s) and/or employee(s), Ms. Drapeau died on March 23, 2016.

21. Dr. Mahmoud, Ms. Harris, and Ms. Neiman were working in the course and scope of their agency and/or employment with The United States of America, DHHS, IHS, Winnebago Hospital, and/or Vista Staffing while they were providing medical care, services, and/or treatment to Ms. Drapeau.

22. The United States of America, DHHS, IHS, Winnebago Hospital, and/or Vista Staffing are vicariously liable for the negligence of Dr. Mahmoud, Ms. Harris, and/or Ms. Neiman and/or their agents and/or employees in providing medical care, services, and/or treatment to Ms. Drapeau.

## FIRST CAUSE OF ACTION: WRONGFUL DEATH CLAIM

23. Ms. Parker hereby incorporates Paragraphs 1 through 22 of her Complaint as if fully set forth again.

24. Defendants and/or their agents and/or employees were negligent and/or did not possess and/or use the appropriate degree of care, skill, and/or knowledge in providing medical care, treatment, and/or services to Ms. Drapeau, which consisted of acts and/or omissions, including, but not limited to, the following:

    (a)   Failing to properly assess, treat, and/or diagnose Ms. Drapeau;

    (b)   Failing to otherwise provide appropriate examination, monitoring services, and/or treatment to Ms. Drapeau ordinarily used under like circumstances by other medical professionals engaged in a similar practice in the same or similar localities.

25. As a direct and proximate result of the negligence of Defendants, and each of them, Ms. Parker and Ms. Drapeau's next-of-kin have suffered and will continue to suffer all wrongful death damages provided under the law, including, but not limited to, emotional distress, loss of financial support, and the loss of Ms. Drapeau's society, comfort, companionship, services, support, earnings, consortium, care, love, affection, attention, protection, and assistance.

26. As a direct and proximate result of the negligence of Defendants, and each of them, Ms. Parker, Ms. Drapeau, and/or Ms. Drapeau's next-of-kin have incurred medical, funeral, and burial expenses.

WHEREFORE, Ms. Parker prays for Judgment against Defendants, and each of them, on her First Cause of Action in an amount that exceeds $75,000 for all wrongful death general and special damages provided under the law that Ms. Parker, Ms. Drapeau, and/or Ms. Drapeau's next-of-kin have incurred and/or will incur; prejudgment

and post-judgment interest thereon at the highest legal rate; the costs of this lawsuit; attorney fees; and for such further relief as the Court deems just and equitable.

## SECOND CAUSE OF ACTION: SURVIVAL CLAIM AND CLAIM FOR MEDICAL, FUNERAL, AND BURIAL EXPENSES AND LOSS OF EARNINGS

27. Ms. Parker hereby reincorporates Paragraphs 1 through 26 of her Complaint as if fully set forth again.

28. As a direct and proximate result of the negligence of Defendants, and each of them, Ms. Drapeau experienced physical and mental pain, suffering, and anguish; passed away; and lost the enjoyment of the rest of her life.

29. As a direct and proximate result of the negligence of Defendants, and each of them, Ms. Parker, Ms. Drapeau, and/or Ms. Drapeau's next-of-kin have incurred and/or will incur medical, funeral, and burial expenses and the past and future loss of Ms. Drapeau's earnings, earning capacity, and wages.

WHEREFORE, Ms. Parker prays for Judgment against Defendants, and each of them, on her Second Cause of Action in an amount that exceeds $75,000 for the general and special damages that Ms. Parker, Ms. Drapeau, and/or Ms. Drapeau's next-of-kin have incurred and/or will incur; prejudgment and post-judgment interest thereon at the highest legal rate; the costs of this lawsuit; attorney fees; and for such further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Ms. Parker prays for a trial by jury on all matters raised herein in the United States District Court located in Omaha, Nebraska.

DATED this 20th of March, 2018.

          SAMONE T. PARKER, Individually, and as Special Administrator of the ESTATE OF TONYA L. DRAPEAU, deceased, Plaintiff

By: /s/ *Michael F. Coyle*
Michael F. Coyle, #18299
Jordan W. Adam, #23723
Katherine A. McNamara, #25172
FRASER STRYKER PC LLO
500 Energy Plaza
409 South 17th Street
Omaha, NE 68102
(402) 341-6000 (telephone)
(402) 341-8290 (facsimile)
mcoyle@fraserstryker.com
jadam@fraserstryker.com
kmcnamara@fraserstryker.com

and

Tara DeCamp, #24566
DeCamp Law, PC, LLO
1299 Farnam Street, Suite 300
Omaha, NE 68102
(402) 401-2735 (telephone)
tara@decamplawfirm.com
ATTORNEYS FOR PLAINTIFF

20129-58656/1848568