# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SAMONE T. PARKER, Individually and as Special Administrator of the Estate of Tonya L. Drapeau, deceased;<br><br>Plaintiff,<br><br>vs.<br><br>THE UNITED STATES OF AMERICA, ex rel.; THE UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, INDIAN HEALTH SERVICE, WINNEBAGO HOSPITAL, VISTA STAFFING SOLUTIONS, INC., NEVINE MAHMOUD, M.D.; ROBIN HARRIS, R.N.; and DENA NEIMAN, N.P.;<br><br>Defendants. | 8:18CV123<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Motion to Dismiss, ECF No. 29, filed by Defendants United States, United States Department of Health and Human Services (DHHS), Indian Health Service (IHS), Winnebago Hospital, and Dena Neiman (collectively, Movants). For the reasons stated below, the Motion will be granted.

## BACKGROUND

The following facts are those alleged in the Complaint, ECF No. 1, and assumed true for purposes of the pending Motion to Dismiss.

On March 21, 2016, Tonya Drapeau went to the Winnebago Hospital emergency room in Winnebago, Nebraska, and complained about her breathing. Comp. ¶ 18, ECF No. 1, Page ID 4. Drapeau was discharged from the hospital and, two days later on March 23, 2016, she died. Samone Parker, the Plaintiff and Special Administrator of

Drapeau's estate, brought this survival and wrongful death action alleging "[o]ne or more or all of Defendants and/or their agent(s) and/or employee(s) failed to properly assess, treat, and/or diagnose Ms. Drapeau while she was at Winnebago Hospital and released her from the hospital." *Id.* at ¶ 19.

Defendant Vista Staffing Solutions, Inc., and Defendant Nevine Mahmoud submitted an Answer, ECF No. 23, to the Complaint, and Defendant Robin Harris was granted an extension of time to July 13, 2018, to submit an answer or other responsive pleading, ECF No. 39. The Movants filed their Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) arguing DHHS, IHS, Winnebago Hospital, and Dena Neiman should be dismissed from this action and that the Complaint does not state enough factual content to support plausible claims.

## STANDARD OF REVIEW[1]

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy this requirement, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Corrado v. Life Inv'rs Ins. Co. of Am.*, 804 F.3d 915, 917 (8th Cir. 2015) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

---

[1] For purposes of this Memorandum and Order, it is not necessary for the Court to state the standard of review applicable to motions to dismiss under Fed. R. Civ. P. 12(b)(1).

statements, do not suffice." *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678), *cert. denied*, 135 S. Ct. 2941 (2015). The complaint's factual allegations must be "sufficient to 'raise a right to relief above the speculative level.'" *McDonough v. Anoka Cty.*, 799 F.3d 931, 946 (8th Cir. 2015) (quoting *Twombly*, 550 U.S. at 555). The Court must accept factual allegations as true, but it is not required to accept any "legal conclusion couched as a factual allegation." *Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 373 (8th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678). Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ash v. Anderson Merchandisers, LLC*, 799 F.3d 957, 960 (8th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678), *cert. denied*, 136 S. Ct. 804 (2016).

On a motion to dismiss, courts must rule "on the assumption that all the allegations in the complaint are true," and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 555 & 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Mickelson v. Cty. of Ramsey*, 823 F.3d 918, 923 (8th Cir. 2016) (alternation in original) (quoting *Iqbal*, 556 U.S. at 679).

**DISCUSSION**

Parker brought her claims against the Movants under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671-2680. The FTCA "waives federal sovereign immunity and

grants district courts jurisdiction over a certain category of claims against the United States." *Lopez v. United States*, 790 F.3d 867, 871 (8th Cir. 2015) (quoting *Eubank v. Kansas City Power & Light Co.*, 626 F.3d 424, 427 (8th Cir. 2010)). "The United States can be held liable under the FTCA 'to the extent that a private person, under like circumstances, would be liable to the plaintiff under the substantive law of the state where the alleged wrongful conduct took place[.]'" *Lopez*, 790 F.3d at 871 (quoting *Green Acres Ents., Inc. v. United States*, 418 F.3d 852, 856 (8th Cir. 2005)). Federal agencies are not proper defendants under the FTCA, "the United States is the proper defendant." *Duncan v. Dep't of Labor*, 313 F.3d 445, 447 (8th Cir. 2002) (citing *F.D.I.C. v. Meyer*, 510 U.S. 471, 476-77 (1994)). Federal employees are also immune from suit where "the United States Attorney certifies that the federal employee acted within the scope of [her] employment." *Osborn v. Haley*, 549 U.S. 225, 238 (2007) (quoting *Mitchell v. Carlson*, 896 F.2d 128, 133 (5th Cir. 1990)).

Based on the foregoing principles, the parties agree that, of the Movants, only the United States is the proper defendant. Accordingly, the Court will dismiss DHHS, IHS, Winnebago Hospital, and Dena Neiman from this action.

The United States also argues that the Complaint does not state enough factual content to support plausible claims against it under Rule 8 of the Federal Rules of Civil Procedure. The only factual allegations made in the Complaint are contained in the following four paragraphs:

> 18. On March 21, 2016, Ms. Drapeau presented to the emergency room at Winnebago Hospital with breathing complaints.

19. One or more or all of Defendants and/or their agent(s) and/or employee(s) failed to properly assess, treat, and/or diagnose Ms. Drapeau while she was at Winnebago Hospital and released her from the Hospital.

20. Due to the actions and/or inactions of one or more or all of Defendants and/or their agent(s) and/or employee(s), Ms. Drapeau died on March 23, 2016.

21. Dr. Mahmoud, Ms. Harris, and Ms. Nieman were working in the course and scope of their agency and/or employment with [t]he United States [ ], DHHS, IHS, Winnebago Hospital, and/or Vista Staffing while they were providing medical care, services, and/or treatment to Ms. Drapeau.

Comp., ECF No. 1, Page ID 4. On their own, these facts are not "sufficient to 'raise a right to relief above the speculative level.'" *McDonough*, 799 F.3d at 946 (quoting *Twombly*, 550 U.S. at 555). Therefore, Parker has not stated enough factual content to support plausible negligence claims against the United States, or any other defendant. The United States agrees that Parker should be granted leave to file an amended complaint. Accordingly,

IT IS ORDERED:

1. The Motion to Dismiss, ECF No. 29, filed by Defendants United States of America, United States Department of Health and Human Services, Indian Health Service, Winnebago Hospital, and Dena Neiman, is granted;

2. Defendants United States Department of Health and Human Services, Indian Health Service, Winnebago Hospital, and Dena Neiman are dismissed from this action;

3. The Complaint is dismissed, without prejudice; and

4. Plaintiff Samone Parker is given leave to submit an amended complaint on or before July 6, 2018.

Dated this 19th day of June, 2018.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge