# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SAMONE T. PARKER, Individually and as Special Administrator of the Estate of Tonya L. Drapeau, deceased;<br><br>Plaintiff,<br><br>vs.<br><br>THE UNITED STATES OF AMERICA, VISTA STAFFING SOLUTIONS, INC., NEVINE MAHMOUD, M.D.; and ROBIN HARRIS, R.N.;<br><br>Defendants. | 8:18CV123<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, ECF No. 49, filed by Defendant United States of America (Government), and the Motion to Deny or Defer Ruling on the Government's Motion, ECF No. 63, filed by Plaintiff Samone Parker. For the reasons stated below, the Motions will be denied.

## BACKGROUND

The following facts are those alleged in the Amended Complaint, ECF No. 42, and assumed true for purposes of the pending motions.

Early in the morning on March 21, 2016, Tonya Drapeau went to the emergency department at Winnebago Hospital in Winnebago, Nebraska—a federally operated medical facility and part of the Great Plains Area Indian Health Service. When she arrived, Drapeau stated she was having difficulty breathing. Dr. Nevine Mahmoud; Robin Harris, a registered nurse; and Dena Neiman, a nurse practitioner, attended to Drapeau

and evaluated her condition. They observed that Drapeau's heart rate and respiratory rate were high and collectively diagnosed her with anxiety hyperventilation. They did not order or perform any laboratory tests or other tests to measure Drapeau's blood sugar and she was discharged from the hospital.

After Drapeau was discharged, Dr. Mahmoud, Harris, and Nieman each reviewed Drapeau's medical history to ensure their initial evaluation and diagnosis was accurate. Although Drapeau's medical records reflected that she was diabetic with a history of experiencing diabetic ketoacidosis, Dr. Mahmoud, Harris, and Nieman did not attempt to contact her to notify her that she may be suffering from diabetic ketoacidosis rather than anxiety hyperventilation.

Later in the afternoon, Drapeau returned to Winnebago Hospital in an ambulance and in critical condition. After laboratory testing revealed that her blood sugar level was dangerously high and that she was suffering from diabetic ketoacidosis, Drapeau was transported to a medical center in Sioux City, Iowa. She died two days later from diabetic ketoacidosis.

On January 26, 2017, Parker submitted a claim to the United States Department of Health and Human Services (DHHS) under 28 U.S.C. § 2675(a) asserting the Government was liable for Dr. Mahmoud's, Harris's, and Neiman's alleged negligence which caused Drapeau's death. DHHS did not make a final disposition of the claim within six months and, on March 20, 2018, Parker filed this wrongful death and survival action pursuant, in relevant part,[1] to the Federal Tort Claims Act, 28 U.S.C. § 1346, 2671 *et seq.*,

---

[1] Only the claims asserted against the Government under the FTCA are currently at issue.

2

and Nebraska law, Neb. Rev. Stat. §§ 30-810, 25-1401. According to the Amended Complaint, Parker's wrongful death and survival action is based on three separate counts of negligence for which the Government is liable: negligent failure to diagnose and treat (Count I); negligent failure to warn (Count II); and negligent hiring, training, and supervision (Count III). After the Government filed an Answer, ECF No. 45, it moved to dismiss the Amended Complaint arguing the Court lacks subject-matter jurisdiction over the claims against the Government. ECF No. 49. The Government alternatively argued that the Court should dismiss the claims against the Government under Rule 12(c) or Rule 56 of the Federal Rules of Civil Procedure. *Id.*

## STANDARD OF REVIEW

### I. Subject-Matter Jurisdiction—Fed. R. Civ. P. 12(b)(1)

"In order to properly dismiss for lack of subject matter jurisdiction under Rule 12(b)(1),[2] the complaint must be successfully challenged on its face or on the factual truthfulness of its averments." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993) (*Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990)). "In a facial challenge to jurisdiction, the court presumes all of the factual allegations concerning jurisdiction to be true and will grant the motion only if the plaintiff fails to allege an element necessary for subject matter jurisdiction." *Young Am. Corp. v. Affiliated Comput. Servs.*, 424 F.3d 840, 843-44 (8th Cir. 2005) (citing *Titus*, 4 F.3d at 593). In a factual challenge to jurisdiction, "there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Osborn*, 918 F.2d at 730. "In

---

[2] A motion to dismiss for lack of subject-matter jurisdiction may be asserted at any time. Fed. R. Civ. P. 12(h)(3); *Henderson v. Shinseki*, 562 U.S. 428, 434 (2011).

3

short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Iowa League of Cities v. EPA*, 711 F.3d 844, 861 (8th Cir. 2013) (citing *Osborn*, 918 F.2d 724, 730). The plaintiff has the burden of proving jurisdiction exists[.]" *Kennedy Bldg. Assocs. v. Viacom, Inc.*, 375 F.3d 731, 745 (8th Cir. 2004) (citing *Cty. of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)). "Once the evidence is submitted, the district court must decide the jurisdictional issue, not simply rule that there is or is not enough evidence to have a trial on the issue." *Osborn*, 918 F.2d 724.

## II. Judgment on the Pleadings—Fed. R. Civ. P. 12(c)

A motion under Rule 12(c) for judgment on the pleadings is evaluated under "the same standard used to address a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." *Clemons v. Crawford*, 585 F.3d 1119, 1124 (8th Cir. 2009) (quoting *Ashley Cty. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009)).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy this requirement, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Corrado v. Life Inv'rs Ins. Co. of Am.*, 804 F.3d 915, 917 (8th Cir. 2015) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015)

(quoting *Iqbal*, 556 U.S. at 678), *cert. denied*, 135 S. Ct. 2941 (2015). The complaint's factual allegations must be "sufficient to 'raise a right to relief above the speculative level.'" *McDonough v. Anoka Cty.*, 799 F.3d 931, 946 (8th Cir. 2015) (quoting *Twombly*, 550 U.S. at 555). The Court must accept factual allegations as true, but it is not required to accept any "legal conclusion couched as a factual allegation." *Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 373 (8th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678). Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ash v. Anderson Merchandisers, LLC*, 799 F.3d 957, 960 (8th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678), *cert. denied*, 136 S. Ct. 804 (2016).

On a motion to dismiss, courts must rule "on the assumption that all the allegations in the complaint are true," and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 555-56 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Mickelson v. Cty. of Ramsey*, 823 F.3d 918, 923 (8th Cir. 2016) (alternation in original) (quoting *Iqbal*, 556 U.S. at 679).

## DISCUSSION

The Government primarily argues (1) the Court lacks subject matter jurisdiction over the claims which are based on the alleged negligence of Dr. Mahmoud and Harris because they were not federal employees, 28 U.S.C. § 1346(b)(1) (granting federal district courts exclusive jurisdiction over claims against the United States for the negligent acts of federal employees), and (2) Neiman, a federal employee, did not provide any

5

medical care to Drapeau. Parker and the Government agree, however, that the Court should not rule on these aspects of the Motion until the parties have had an opportunity to conduct discovery. ECF Nos. 58, 59. Therefore, the Court will not address these arguments.

The Government further argues (1) the Court lacks subject-matter jurisdiction over Parker's negligent-failure-to-warn claim and over Parker's negligent hiring, training, and supervision claim because those claims were not properly presented to DHHS under 28 U.S.C. § 2675(a); and (2) Parker's negligent-failure-to-warn claim should be dismissed for failure to state a claim because it is not cognizable and it is duplicative of her claim that Dr. Mahmoud and Harris negligently failed to diagnose Drapeau with, and treat her for, diabetic ketoacidosis. The Court will address these arguments in reverse order.

**I. Claim for Negligent Failure to Warn (Count II)**

As it pertains to the Government, Count I of the Amended Complaint is a claim for negligence based on Dr. Mahmoud's, Harris's, and Neiman's failure to diagnose Drapeau with, and treat her for, diabetic ketoacidosis during her initial visit to the Winnebago Hospital emergency department on the morning of March 21, 2016. Count II of the Amended Complaint is a claim for negligent failure to warn based on Dr. Mahmoud's, Harris's, and Neiman's failure to notify Drapeau that their initial diagnosis of anxiety hyperventilation was inaccurate following their post-discharge review of Drapeau's medical records and medical history. The Government argues that a claim for negligent failure to warn is not cognizable on these facts and is duplicative of the claim for negligence asserted in Count I.

6

The Government contends that Parker's negligent-failure-to-warn claim is not cognizable because this case is not based on products liability, a lack of informed consent, or a failure to warn of the side effects associated with a drug or treatment. *See, e.g.,* Restatement (Third) of Torts § 18 cmt. a (providing a series of hypothetical bases of liability for negligent failure to warn). While Parker insists that she has stated a claim for negligent failure to warn, this dispute is immaterial. Whether classified as a claim for negligent failure to warn, negligent failure to notify, or another negligent failure to diagnose, the facts alleged in support of Count II are a plausible basis upon which a finder of fact could make a finding of negligence. Those allegations make out a claim that Dr. Mahmoud, Harris, and Neiman did not act as a reasonable person would have under the same or similar circumstances. Thus, these allegations state a plausible, cognizable claim for negligence.

The Government also argues that Count II is duplicative of Count I. In *FDIC v. Fitl*, this Court explained that as a matter of judicial economy courts should dismiss duplicative claims—those that "stem from identical allegations, that are decided under identical legal standards, and for which identical relief is available." 8:14CV346, 2016 WL 4591899, *3 (D. Neb. Sept. 2, 2016) (quoting *Wultz v. Islamic Republic of Iran*, 755 F. Supp. 2d 1, 81 (D.D.C. 2010)). The facts alleged in support of Count II are additional to, rather than duplicative of, those alleged in support of Count I. The claim for negligence in Count I is based on the initial failure to diagnose Drapeau with, and treat her for, diabetic ketoacidosis, while the claim for negligence in Count II is based on the subsequent failure to diagnose, notify, and treat her for diabetic ketoacidosis following a later review of her medical records. Whether these bases of liability for negligence are asserted in one claim

or as separate claims is immaterial, but one is not duplicative of the other. A finder of fact could make a finding of negligence based on the facts alleged in Count I, Count II, both, or neither. As such, the Court will not dismiss Count II of the Amended Complaint as duplicative at this stage of the litigation. *See Fitl*, 2016 WL 4591899, at *3 (declining to dismiss a claim as duplicative of another because allowing both claims to proceed posed a minimal risk of wasting judicial resources, sowing confusion, or creating the potential for double recovery).

## II. Administrative Exhaustion

There is no question that Parker properly presented a claim for negligence based on the medical care provided by Dr. Mahmoud, Harris, and Neiman on the morning of March 21, 2018. It is the Government's contention that Parker's additional claims for negligent hiring, training, and supervision (Count III); and for negligent failure to warn (Count II) were not properly presented because her administrative claim failed to provide the Government with sufficient notice of those claims. The Court finds that these claims were adequately presented under 28 U.S.C. § 2675(a).

The Federal Tort Claims Act (FTCA) provides, in relevant part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a). "[C]ompliance with § 2675(a)'s presentment requirement is a jurisdictional precondition to filing an FTCA suit in federal district court." *Mader v. United*

8

*States*, 654 F.3d 794, 805 (8th Cir. 2011) (en banc) (citing *Allen v. United States*, 590 F.3d 541, 544 (8th Cir. 2009)).

The Eighth Circuit interprets § 2675(a)'s presentment requirement the same as 28 C.F.R. § 14.2(a), which provides

> a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, [1] an executed Standard Form 95 or other written notification of an incident, [2] accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident; and [3] the title or legal capacity of the person signing, and is accompanied by evidence of his authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative.

*Mader*, 654 F.3d at 804. This requirement is meant to "provide[ ] federal agencies a fair opportunity to meaningfully consider, ascertain, adjust, determine, compromise, deny, or settle FTCA claims prior to suit." *Id.* at 800-801 (citing *McNeil v. United States*, 508 U.S. 106, 112 (1980)). Accordingly, a properly presented claim under § 2675(a) must include "sufficient information for the agency to investigate the claim." *See Mader*, 654 F.3d at 800; *see also Farmers State Sav. Bank v. Farmers Home Admin.*, 866 F.2d 276, 277 (8th Cir. 1989).

To determine whether Parker properly presented her administrative claims under § 2675(a), the Court need only look to the Amended Complaint, ECF No. 42, and the Standard Form 95, including its supplemental documents, which are embraced by the Amended Complaint.[3] Accordingly, the Court will review the Government's administrative exhaustion argument as a facial challenge to the Court's subject-matter jurisdiction.

---

[3] *Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012) ("Documents necessarily embraced by the pleadings include documents whose contents are alleged in a complaint and whose

9

## A. Negligent Hiring, Training, and Supervision (Count III)

The "Basis of Claim" section of Parker's Standard Form 95 states "Winnebago Indian Health Services Hospital [ ] and health care providers there who treated Tonya Drapeau on 3/21/2016 were professionally negligent." ECF No. 62-2, Page ID 461. Parker also submitted other supplementary documents, including a letter from her attorneys and a letter from an independent medical doctor to DHHS, which thoroughly detailed the alleged deficient medical care Drapeau received at Winnebago Hospital on the morning of March 21, 2016. *Id.* at 464-68. The Standard Form 95 and supplemental documents do not, however, specifically articulate a claim or assertion that Dr. Mahmoud, Harris, and Neiman were negligently hired, trained, or supervised. Thus, the parties disagree as to whether Parker's clearly articulated administrative claim for professional negligence also notified DHHS of, and presented a claim for, negligent hiring, training, and supervision for purposes of § 2675(a).

Parker takes the position stated in *Wiggins v. United States* that "[i]t is axiomatic that if a patient receives negligent care at a hospital, there is a possibility that those employees giving the negligent care were not given the proper training or supervision or that they were not properly hired or credentialed." Case No. CIV-13-034-RAW, 2013 WL 12108214, *3 (E.D. Okla. Nov. 4, 2013) (finding the plaintiffs adequately presented their claims for negligent credentialing, training, retention, and supervision under § 2675(a) when the administrative claim only detailed negligent conduct by certain health care

---

authenticity no party questions, but which are not physically attached to the pleading."). As such, Parker's request for jurisdictional discovery is denied.

providers). Although the Court does not take this position,[4] Parker's Standard Form 95 and supplemental documents included sufficient information to administratively exhaust her claim for negligent hiring, training, and supervision.

Included in the documents submitted with the Standard Form 95 was a newspaper article that discussed regular and persistent problems with the management and competence of the health care providers at Winnebago Hospital as well as the overall standard of care provided there. ECF No. 62-3, Page ID 476-479. The article explained that many individuals familiar with Winnebago Hospital believed the consistently poor care provided by its medical personnel had resulted in regular misdiagnoses and several unnecessary deaths, including Drapeau's. Based on the content of this article and Parker's clearly articulated negligent-failure-to-diagnose claim, the Court finds that Parker provided DHHS with "a fair opportunity" to investigate and "meaningfully consider, ascertain, adjust, determine, compromise, deny, or settle [Parker's] FTCA claim[s] [for negligent hiring, training, and supervision] prior to suit." *Mader*, 654 F.3d at 800-801 (citing *McNeil*, 508 U.S. at 112); *see also Farmers State Sav. Bank*, 866 F.2d at 277 (A

---

[4] An administrative claim that states facts supporting a claim for negligent failure to test for, diagnose, and treat a condition does not necessarily encompass and exhaust claims for negligent hiring, training, or supervision for purposes of 28 U.S.C. § 2675(a). *See, e.g., Lopez v. United States*, 823 F.3d 970, 975-77 (10th Cir. 2016) (finding the plaintiff failed to provide the government with notice of his negligent credentialing and privileging claim where the administrative charge only asserted a claim for medical malpractice, and stating that "simply because an agency is in possession of information relevant to a claim does not mean that the agency is aware of the claim itself"); *Allen v. United States*, 590 F.3d 541, 544 (8th Cir. 2009) (finding the plaintiff failed to administratively exhaust her claim that medical personnel failed to obtain her informed consent to blood transfusions where the administrative charge only alleged that medical personnel negligently failed to test for, diagnose, and treat her Hepatitis C); *Kikumura v. Osagie*, 461 F.3d 1269, 1302 (10th Cir. 2006) (finding the plaintiff failed to exhaust his negligent failure to train and supervise claim where his administrative charge only alleged negligence against a physician's assistant and two prison guards); *Wilson v. United States*, Case No. CIV-17-528-R, 2018 WL 794711, *2 (W.D. Okla. Feb. 8, 2018) (limiting the plaintiff's claims to "negligent diagnosis and treatment" and finding that he failed to exhaust his claims for negligent hiring, training, or supervision of the medical personnel that treated him).

properly presented claim under § 2675(a) must include "sufficient information for the agency to investigate the claim."). Section 2675(a) does not bar Parker's negligent hiring, training, and supervision claim because of her failure to expressly state that legal theory in the Standard Form 95. *Edwards v. United States*, 57 F. Supp. 938, 949 (D. Minn. 2014) (quoting *Glade ex rel. Lundskow v. United States*, 692 F.3d 718, 722 (7th Cir. 2012) ("The administrative claim need not set forth a legal theory, but it must allege facts that would clue a legally trained reader to the theory's applicability.")).

### B. Negligent Failure to Warn (Count II)

Parker's claim for negligent failure to warn is based on the allegations that, pursuant to Winnebago Hospital procedure, Dr. Mahmoud, Harris, and Neiman reviewed Drapeau's medical records following her discharge from the hospital on the morning of March 21, 2016, and that such a review should have prompted them to warn or notify Drapeau that she was suffering from diabetic ketoacidosis rather than anxiety hyperventilation. The Government argues this claim was not presented to DHHS because Parker's administrative claim "focused solely on the early morning treatment up to and ending at the time of [her] discharge." Def.'s Br., ECF No. 51, Page ID 388.

The Court finds that Parker's Standard Form 95 and supplemental documents included sufficient information for DHHS to investigate whether Dr. Mahmoud, Harris, and Neiman should have notified Drapeau that she may be suffering from diabetic ketoacidosis following their post-discharge review of her medical records. Parker's administrative claim clearly asserts Drapeau was misdiagnosed with anxiety hyperventilation on the morning of March 21, 2016. It also makes multiple references to Drapeau's medical records and history which reflected that she was diabetic and had

12

experienced diabetic ketoacidosis in the past. ECF No. 62-2, Page ID 464, 467. This was sufficient information for DHHS to investigate when Dr. Mahmoud, Harris, and Neiman reviewed Drapeau's medical records and whether the review should have prompted them to reconsider their initial diagnosis and notify Drapeau of any changes. Thus, Parker's claim for negligent failure to warn based on Dr. Mahmoud's, Harris's, and Neiman's failure to reconsider their initial diagnosis and notify Drapeau following a post-discharge review of her medical records was adequately presented to DHHS under § 2675(a).

## CONCLUSION

Those aspects of the Government's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, ECF No. 49, addressed in this Memorandum and Order will be denied. The Government may reassert the arguments that have not been addressed in this Memorandum and Order in a separate, procedurally appropriate, motion. Parker's Motion to Deny or Defer Ruling on the Government's Dispositive Motion, ECF No. 63, will be denied as moot. Accordingly,

IT IS ORDERED:

1. The Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, ECF No. 49, filed by Defendant United States of America, is denied; and

2. The Motion to Deny or Defer Ruling on Defendant United States of America's Dispositive Motion, ECF No. 63, filed by Plaintiff Samone Parker is denied as moot.

Dated this 11th day of October, 2018.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

13