IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SAMONE T. PARKER, Individually and as Special Administrator of the ESTATE OF TONYA L. DRAPEAU, deceased;<br><br>Plaintiff,<br><br>vs.<br><br>THE UNITED STATES OF AMERICA, VISTA STAFFING SOLUTIONS, INC., NEVINE MAHMOUD, M.D., and ROBIN HARRIS, R.N.;<br><br>Defendants. | 8:18CV123<br><br>ORDER |

      This matter comes before the Court following a telephone conference held with counsel on March 5, 2019, regarding Plaintiff's objections to the United States of America's document subpoenas to non-parties and the scope of records requested by Defendant Robin Harris from the Social Security Administration ("SSA"). The parties each submitted arguments to the undersigned in advance of the conference, attached as Exhibits A-C. After the conference, counsel for Defendant Harris submitted the disputed Consent for Release of Information from the SSA, attached as Exhibit D. All counsel agreed that the Court may resolve the disputes at this time.

      On February 5, 2019, the United States filed a notice of intent to issue three document subpoenas to non-parties. ([Filing No. 94](#)). The documents sought by these subpoenas include investigative files, removal files, placement and reunification files, and Indian Child Welfare Act files maintained by the Omaha Tribe Child Family Services regarding the decedent's children, from January 1, 2006, to the present, ([Filing No. 94-1](#)); files related to welfare payments, temporary assistance payments, and SNAP benefits made to the decedent between January 2006 through January 2017, and any other financial assistance or other Tribal assistance ever made to or on behalf of the decedent's children between January 2010 to the present, ([Filing No. 94-2](#)); and applications, related income documents, and allowance for housing on the Omaha Reservation on behalf of the decedent, between January 2006 and January 2017, and all files from the Tribal Housing Authority related to the decedent's children between January 2010 and the present, ([Filing No. 94-3](#)). Plaintiff has objected to the United States' document subpoenas as ambiguous,

indefinite in time and scope, irrelevant, overbroad, unduly burdensome, vague, and outside the scope of discoverable material. ([Filing No. 97](#)).

"[An] adverse party has standing to object to a third-party subpoena on grounds of relevance or to protect a personal right or privilege in the information requested." *Jenkins v. Pech*, No. 8:14CV41, 2015 WL 728305, at *3 (D. Neb. Feb. 19, 2015)(quoting *Streck, Inc. v. Research & Diagnostic Sys., Inc.*, No. 8:06CV458, 2009 WL 1562851, at *3 (D. Neb. June 1, 2009)). As such, Plaintiff does not have standing to lodge objections to the issuance of the non-party subpoenas to protect those non-parties from undue burden, inconvenience, and the like. However, Plaintiff does have standing to object based on relevance. See *Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005). The scope of permissible discovery is extremely broad. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* If requested discovery is facially relevant, the party resisting discovery has the burden to establish that the discovery is not relevant or is "of such marginal relevance that the potential harm occasioned by the discovery would outweigh the ordinary presumption in favor of broad disclosure." *Moses v. Halstead*, 236 F.R.D. 667, 671 (D. Kan. 2006).

The Court finds that the United States' subpoenas seek documents relevant to Plaintiff's claims and damages. Plaintiff's Amended Complaint alleges a survival claim against Defendants and seeks damages for the decedent's next of kin for loss of financial support, loss of care, comfort, companionship, assistance, and earnings, as well as past and future loss of the decedent's earnings, earning capacity, and wages. ([Filing No. 42 at p. 10](#)). The United States' document requests seek information relevant to that claim. However, the time frame of the United States' requests is overly broad. The Court will limit the beginning date of the United States' requests to eight years prior to the decedent's death on March 23, 2016. The United States may serve the non-party subpoenas with that date limitation.

Plaintiff also objects to the scope of Defendant Harris' requests for the decedent's records from the SSA; specifically, the Plaintiff objects to the relevance of decedent's monthly benefit or income payment amounts and the time frame for records dating back to 2001. Given the broad scope of relevance, the Court finds that Defendant Harris' requests are relevant. As discussed and agreed during the telephone conference, Defendant Harris may receive all applications for benefits

to the SSA, regardless of date.  The other records sought by Defendant Harris from the SSA will be limited to eight years prior to the decedent's death.  Plaintiff shall sign a revised Consent for Release within those parameters.

**IT IS SO ORDERED.**

Dated this 7th day of March, 2018.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge