IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SAMONE T. PARKER, Individually, and as Special Administrator of the ESTATE of TONYA L. DRAPEAU, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA, VISTA STAFFING SOLUTIONS, INC., NEVINE MAHMOUD, M.D., and ROBIN HARRIS, R.N.,<br><br>Defendants. | 8:18CV123<br><br>STIPULATED PROTECTIVE ORDER |

This matter is before the Court on the Parties' Joint Motion for Entry of Stipulated Protective Order (Filing 124). Upon a showing of good cause in support of the entry of a protective order to control the discovery and dissemination of confidential or proprietary information in this case (hereafter collectively referred to as "Confidential Information"),

**IT IS ORDERED:**

The Parties' Joint Motion for Entry of Stipulated Protective Order (Filing 124) is granted.

**IT IS FURTHER ORDERED:**

1. For purposes of this Order, the following categories of documents and information will generally be considered "Confidential Information" and subject to this Protective Order:

- Plaintiff's employment, medical or healthcare records;

- Plaintiff's tax records;

- Confidential, trade secret, or proprietary business information;

- Employment-related records of the Winnebago Hospital, including current and former employees or contractors;

- Any other information protected by the HIPAA Standards for Privacy of Individually Identifiable Health Information, 45 C.F.R. Parts 160 and 164 and/or the Privacy Act, 5 U.S.C. § 552a.

2. Confidential Information subject to this Protective Order may, depending on the content, be included in a variety of documents, including but not limited to, agency records, documents produced pursuant to written discovery, answers to interrogatories, responses to requests for admission, deposition testimony, including all copies thereof, and other information disclosed in the context of discovery of this case by either party or disclosed pursuant to the discovery procedures created by the Federal Rules of Civil Procedure.

3. Defendants may redact dates of birth, home addresses, and Social Security Numbers from Confidential Information. With respect to employment-related files related to current or former employees or contractors of the United States, absent further order from the Court, Defendants are not required to provide copies of any medical records -- excluding alcohol or drug testing -- of the individuals that are contained in the file. With respect to employment-related files, Defendants are not required to provide documents related to benefits for Dena Neiman, but shall provide any benefit information in the candidate files of Dr. Mahmoud, Robin Harris and Brandon Smith, if available. The parties further agree, with respect to any criminal history requests requests, the United States will only produce information in the employment-related files at Winnebago Hospital that shows the employee or contractor has been convicted of a felony, of making a false statement, or of any other crime involving fraud or dishonesty.

4. Confidential Information shall be used by Plaintiff and her representative(s) only for the purpose of litigating this case, Samone T. Parker v. United States of America, et al., Case No. 8:18-CV-123, including any appeals, and shall not be disclosed by the Plaintiff or her

representative(s) to the public or any other person or entity for any reason other than for purposes of litigating this case, including any appeals.

      5.      Confidential Information shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

- a. attorneys actively working on this case;
- b. any person who previously received or authored the materials;
- c. persons regularly employed or associated with the attorneys actively working on the case;
- d. Plaintiff;
- e. Defendants and Representatives of Defendants;
- f. treating medical providers, expert witnesses, and consultants retained in connection with this proceeding;
- g. mediators, facilitators, or other persons retained by the parties to assist in the resolution of this matter, and their staff;
- h. professional vendors retained by the parties' attorneys in this lawsuit to whom disclosure is reasonably necessary for the attorneys' representation of their clients in this case;
- i. the Court and its employees ("Court Personnel");
- j. stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;
- k. deponents, witnesses, or potential witnesses;
- l. at hearings or trial, to the extent admissible;
- m. any person or entity who the party producing the documents and information has specifically agreed in writing may review such documents and information; and
- n. any person or entity who the Court has specifically approved after a notice to all parties and any third party who produced the confidential document or information and a hearing.

5. Prior to disclosing any Confidential Information to any person listed above (other than counsel, Plaintiff, Defendants and representatives of Defendants, persons employed by counsel, mediators and facilitators, court personnel, and stenographic reporters), counsel shall inform such person that the document(s) being provided are subject to the Protective Order and/or such person shall be provided with a copy of this Protective Order and shall acknowledge their agreement to comply with the provisions of this Order by signing a copy of an acknowledgement form. Counsel will retain copies of the acknowledgement forms until such time as this litigation, including all appeals, is concluded.

6. To protect such Confidential Information, the parties and any non-parties who are served with subpoenas may designate as "Confidential" any document(s) produced, or information provided, in response to a discovery request. The designation shall be completed in one of the following manners:

   a. By imprinting the word "Confidential" on the front of the document or on the label or cover for any compact disc or flash drive containing Confidential Information;

   b. By imprinting the word "Confidential" next to or above any answer to any written discovery response;

   c. With respect to deposition transcripts and videos, by making arrangements with the attending court reporter to label such transcripts and videos as "Confidential."

7. Whenever a deposition involves the disclosure of Confidential Information, the deposition or portions thereof shall be designated as confidential by counsel and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription, provided written notice of the designation is promptly

given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8. A party's receipt of any documents or information designated as "Confidential" shall not constitute an admission or concession that such documents or information is confidential and/or proprietary. If a party objects to the confidentiality or proprietary of any documents or information designated as "Confidential," then that party may motion the Court to rule on whether the documents or information are, in fact, confidential and subject to the terms of this Protective Order. Any such motion shall be served upon any non-parties that produced the documents or information at issue. All documents and information that are objected to as being "Confidential" shall remain confidential during the pendency of any motion to determine whether the documents are confidential.

9. Confidential Information may be filed with the Court to the extent reasonably necessary to support motions or other matters related to the litigation. If any Confidential Information must be filed with the Court, such Confidential Information shall be filed under seal, restricted access or redacted, as appropriate.

10. Within 45 days after the final termination of this lawsuit (including any appeals therefrom), all documents or information which have been designated as "Confidential" or "Confidential Information", and all copies thereof shall be returned to the party designating them as confidential, unless the Court orders otherwise. Alternatively, the parties may agree to destroy documents containing Confidential Information by way of a mutually agreed-upon procedure.

11. A party or counsel may not unilaterally modify any document so as to remove it from the protections of this Protective Order. Any document subject to this Protective Order when

produced will remain protected unless the parties agree in writing to remove the designation, or as otherwise ordered by the Court.

12. This Protective Order may be amended by written stipulation of the parties, or by the Court for good cause shown upon notice to all counsel and an opportunity to be heard.

13. Nothing in this Protective Order shall be deemed a waiver of any objection or privilege that any party may claim (a) to the production of any documents, information, or physical evidence in this case or (b) to seek an order from the Court restricting the disclosure of any documents or information designated as "Confidential."

14. Nothing in this Protective Order shall be construed to restrict or otherwise alter in any way the use of any federal government records by any federal agency in the ordinary course of business consistent with applicable statutes of regulations.

Dated this 30th day of April, 2019.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge