# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SAMONE T. PARKER, Individually and as Special Administrator of the Estate of Tonya L. Drapeau, deceased;<br><br>Plaintiff,<br><br>vs.<br><br>THE UNITED STATES OF AMERICA, VISTA STAFFING SOLUTIONS, INC., NEVINE MAHMOUD, M.D.; and ROBIN HARRIS, R.N.;<br><br>Defendants. | 8:18CV123<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Objection to Magistrate Judge's Order, ECF No. 114, filed by Defendants Vista Staffing Solutions, Inc., Nevine Mahmoud, and Robin Harris (collectively, the Defendants). For the reasons stated below, the Objection will be overruled.

## BACKGROUND

Individually and as the administrator of Drapeau's estate, Plaintiff Samone Parker brought this survival and wrongful death action against the Defendants based on several different theories of negligence and liability. Am. Compl., ECF No. 42. The Defendants separately moved to sever Parker's professional negligence claims against Mahmoud and Harris from her negligent hiring, training, and supervision claims against Vista Staffing Solutions and the United States under Rule 42(b) of the Federal Rules of Civil Procedure. Mot., ECF No. 92; Mot, ECF No. 95. The Magistrate Judge denied the motions to sever, Order, ECF No. 109, and the Defendants objected to that order.

According to the Amended Complaint, ECF No. 42, Tonya Drapeau went to the emergency room at Winnebago Hospital in Winnebago, Nebraska, on the morning of March 21, 2016, and complained that she was having difficulty breathing. Mahmoud, a medical doctor, and Harris, a nurse, attended to Drapeau and found that her heart rate and respiratory rate were elevated. Mahmoud and Harris ordered no lab tests, diagnosed Drapeau with anxiety hyperventilation, and discharged Drapeau from the hospital. Drapeau was diabetic, with a history of diabetic ketoacidosis, and, later in the afternoon, she was transported back to Winnebago Hospital in critical condition. Subsequent lab tests revealed that her blood sugar was abnormally high, and she was suffering from diabetic ketoacidosis. Drapeau died two days later from diabetic ketoacidosis.

## STANDARD OF REVIEW

When a party objects to a magistrate judge's order on a nondispositive pretrial matter, a district court must set aside any part of the order shown to be clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Chase v. Comm'r*, 926 F.2d 737, 740 (8th Cir. 1991) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 397 (1948)). "An order is contrary to law if it 'fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Haviland v. Catholic Health Initiatives-Iowa, Corp.*, 692 F. Supp. 2d 1040, 1043 (S.D. Iowa 2010) (quoting *Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 556 (D. Minn. 2008)).

## DISCUSSION

"For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, or third-party claims." Fed. R. Civ. P. 42(b). Whether to bifurcate or sever certain claims for trial is, therefore, "committed to the discretion of the trial court." *E.E.O.C. v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998) (citing Fed. R. Civ. P. 42(b)).

The Magistrate Judge denied the Defendants' motion to sever because the requested severance would not accomplish any of the purposes in Rule 42(b), see Order, ECF No. 109, and the undersigned concludes that the Defendants have not shown any part of the Magistrate Judge's Order to be clearly erroneous or contrary to law.

The Defendants first argue the Magistrate Judge's Order was based on the erroneous finding that Parker's professional negligence claims, and negligent hiring, training, and supervision claims, arise out of the same facts. Yet these claims all arise out of Drapeau's death and the cause of it, and the Order expressly acknowledged that the facts relevant to these claims would overlap in some respects and differ in some respects. The Defendants acknowledge that the facts relevant to these claims overlap on the issues of causation and damages. Although the facts relevant to whether Vista Staffing Solutions or the United States acted reasonably in hiring, training, or supervising Mahmoud and Harris may differ from those relevant to whether Mahmoud and Harris acted reasonably in providing medical care, that does not require separate trials. The Defendants must show how separate trials would accomplish one of the purposes stated in Rule 42(b).

The Defendants' second argument is that severance is economical because liability on claims for negligent hiring, training, or supervision is derivative of, and

3

contingent upon, liability on claims for professional negligence. Thus, according to them, an initial trial on the latter claims could make a second trial unnecessary. That argument is speculative at this point, and the Magistrate Judge did not clearly err or contradict the law by denying severance on that basis. *See generally* Wright & Miller, *Federal Practice and Procedure* § 2388 n.10 (3d ed. 1998) (collecting cases and explaining that "if any saving in time and expense is wholly speculative, it is likely that a separate trial on that issue will be denied"). Nor did he clearly err or contradict law by finding that the Defendants failed to show how severance would avoid future discovery disputes or otherwise expedite discovery.

Finally, the Defendants argue that separate trials are necessary to avoid prejudice. Specifically, Mahmoud and Harris believe a jury will be incapable separately applying different standards of care to Parker's professional negligence claims and her negligent hiring, training, or supervision claims. They also argue they will be prejudiced in defending against the professional negligence claims by evidence relevant to the negligent hiring, training, or supervision claims. The undersigned agrees with the Magistrate Judge's finding that the "Defendants have not shown [ ] a jury would be incapable of separating the evidence and issues presented at trial, particularly if provided with appropriate jury instructions." Order, ECF No. 109, Page ID 1232. Further, the Defendants' argument that they will be prejudiced by evidence relevant to the negligent hiring, training, or supervision claims is based on hypothetical examples and speculation, not the evidence that has been discovered or that they expect to be discovered in this case. Therefore, the Magistrate Judge did not clearly err or contradict law by denying the motion to sever based on prejudice.

4

The Defendants' Objection will be overruled.  They may, however, reassert their motion to sever if, during discovery or at its conclusion, the circumstances or evidence support relief under the express provisions of Rule 42(b).  Wright & Miller, *supra* n.26 (collecting cases and explaining that "[w]hen a party who seeks separate trials fails to meet the burden of proving that separation is justified under Rule 42(b), the court may deny the party's motion without prejudice so that if future developments reveal the efficacy of separate trials, the court may revisit the issue").  Accordingly,

IT IS ORDERED:  The Objection to Magistrate Judge's Order, ECF No. 114, filed by Defendants Vista Staffing Solutions, Inc., Nevine Mahmoud, and Robin Harris, is overruled.

Dated this 10th day of May 2019.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge