# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SAMONE T. PARKER, Individually and as Special Administrator of the Estate of Tonya L. Drapeau, deceased; | 8:18CV123 |
| Plaintiff, | ORDER |
| vs. | |
| THE UNITED STATES OF AMERICA, VISTA STAFFING SOLUTIONS, INC., NEVINE MAHMOUD, M.D.; and ROBIN HARRIS, R.N.; | |
| Defendants. | |

This matter is before the Court on the Motion to Enlarge Expert Disclosure Deadline ([Filing No. 227](#)), filed by defendants, Vista Staffing Solutions, Inc., and Nevine Mahmoud, M.D. Defendants filed their motion on July 29, 2020, asking to extend their expert disclosure deadline of July 31, 2020.  Due to the time-sensitive nature of the request, the undersigned magistrate judge directed Plaintiff, Samone T. Parker, to file her opposition to the motion on or before August 5, 2020.  The Court also held the July 31, 2020, deadline in abeyance pending its ruling on the requested extension.  (Filing No. 229).

Thereafter, on August 5, 2020, Defendants served expert disclosures under Fed. R. Civ. P. 26(a)(2)(B).  ([Filing No. 230](#)).  Later the same day, Plaintiff filed her opposition to the pending motion, asking the Court to deny Defendants' motion and to preclude Defendants from disclosing additional experts or from further supplementing their disclosures served on August 5, 2020.  ([Filing No. 231](#)).

Plaintiff's opposition to the motion accurately describes the necessary background.  On April 6, 2020, the undersigned held a telephone conference with counsel for the parties to discuss extending case progression deadlines.  During the call, the parties informed the Court that mediation was scheduled for April 28, 2020.  Following the conference, an amended case progression order was entered that set new case progression deadlines, including July 31, 2020, as the defendants' expert disclosure deadline.  ([Filing No. 219](#)).  The order also provided that any request to change deadlines "will not be considered absent a showing of due diligence in the timely progression of this case and the recent development of circumstances, unanticipated prior

to the filing of the motion, which require that additional time be allowed." On May 12, 2020, counsel notified the Court that Plaintiff had settled her claims as to the United States of America and Robin Harris, R.N., pending approval of the settlement from the probate court of Thurston County. (Filing No. 224). The claims against Vista Staffing and Dr. Mahmoud have not settled.

Vista Staffing and Dr. Mahmoud filed this motion to extend their expert disclosure deadline set in the order dated April 6, 2020, arguing there are two "barriers" impeding disclosures. First, Defendants argue Plaintiff's pending objection to the undersigned's order denying Plaintiff's request for leave to serve a non-party subpoena will directly affect their expert opinions. Plaintiff's objection was filed on March 6, 2020, and is under the district judge's consideration. The objection was pending at the time of the April 6, 2020, conference with the undersigned magistrate judge, and the moving Defendants expressed no concern that the outcome of the objection would alter their expert disclosures. Additionally, the moving Defendants did not participate in the briefing or take any position on the discovery matters at issue in the objection. The undersigned finds this is not an unanticipated, "recent development" justifying the requested extension.

Defendants state the second barrier relates to the settlement reached between Plaintiff and the United States and Nurse Harris. Vista Staffing and Dr. Mahmoud assert that their expert disclosures depend on whether the settlement between the other defendants is finalized due to apportionment of fault considerations. (Filing No. 228). The deadline for the settling parties to file a joint stipulation of dismissal as to Plaintiff's claims against the United States and Nurse Harris is September 14, 2020, although it appears the settlement may have already been approved by the probate court. (Filing No. 226). The undersigned does not agree with Defendants that the dismissal of the settling defendants from this lawsuit requires a delay of their expert disclosures, for the reasons recognized by Plaintiffs. See Filing No. 231. Accordingly, the Court will not grant Defendants' indefinite extension of time to disclose expert opinions. Defendants did serve expert disclosures on August 5, 2020, while the deadline was held in abeyance, and only five-days after their original deadline to do so. Plaintiff will not be prejudiced by this brief extension, and therefore the Court will consider Defendant's expert disclosures timely served. Upon consideration,

**IT IS ORDERED:** Defendants' Motion to Enlarge Expert Disclosure Deadline ([Filing No. 227](#)) is granted only to the extent that Defendants' August 5, 2020, disclosures will be considered timely served.

Dated this 6th day of August, 2020.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge