IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SAMONE T. PARKER, Individually and as Special Administrator of the Estate of Tonya L. Drapeau, deceased;<br><br>Plaintiff,<br><br>vs.<br><br>VISTA STAFFING SOLUTIONS, INC., and NEVINE MAHMOUD, M.D.;<br><br>Defendants. | 8:18-CV-123<br><br>MEMORANDUM AND ORDER |

This matter comes before the Court on Plaintiff's Statement of Objections to Magistrate Judge's Order (Filing 208) ("Plaintiff's Objection") regarding Plaintiff's Amended Motion for Leave to File Second Amended Complaint (Filing 141) ("Motion for Leave"), Plaintiff's Motion to Compel previous Defendant's, the United States', Discovery Answers ("Motion to Compel") (Filing 145) and the United States' Motion for Entry of Protective Order ("Motion for Protective Order") (Filing 167). In Plaintiff's Objection, Plaintiff asks this Court to overrule the magistrate judge's ruling (Filing 200) denying Plaintiff's Motion for Leave and his rulings on the Motion to Compel and Motion for Protective Order. Filing 208. In this order, the Court affirms Magistrate Judge Nelson's Order in its entirety.

I. PROCEDURAL BACKGROUND

Plaintiff, the Special Administrator of the Estate of Tonya L. Drapeau, filed this wrongful-death and survival action against Defendants relating to care Drapeau received at the Winnebago Hospital in Winnebago, Nebraska, on March 21, 2016. Filing 200 at 1. Plaintiff initially named the United States Department of Health and Human Services (DHHS), the Indian Health Service (IHS), the Winnebago Hospital, hospital employee Dena Nieman, registered nurse Robin Harris,

1

and Nevine Mahmoud, M.D., as defendants. Filing 41 at 4. The Court dismissed DHHS, IHS, and Nieman on June 19, 2018, after determining agencies and employees of the United States are not proper defendants in this case under the Federal Tort Claims Act. Filing 41 at 3.

On February 13, 2020, Magistrate Judge Michael Nelson issued an order addressing several motions pending before the Court, including Plaintiff's Motion for Leave, Plaintiff's Motion to Compel, and defendant United States' Motion for a Protective Order. Filing 200. All three motions involved disputes between Plaintiff and the United States. The disputes addressed by Judge Nelson included Plaintiff's effort to amend her complaint to add new factual allegations and legal theories pertaining to Brandon Smith, a medical laboratory technician employed by IHS and the Winnebago Hospital. Filing 200 at 2. The new legal theories Plaintiff sought to allege included that IHS and Winnebago Hospital were required to have an operational clinical laboratory, and that Smith was required to perform lab tests on or for Drapeau on March 21, 2016, but did not due to Smith's "substance use, a medical condition, and/or dereliction of duty." Filing 200 at 2.

Plaintiff filed her Objection to Magistrate Judge Nelson's ruling on February 20, 2020. Filing 208. On April 6, 2020—while Plaintiff was still haggling in her attempt to file a reply brief in support her Objection—the parties notified the Court of a settlement conference to take place on April 28, 2020. Filing 233 at 1. On May 12, 2020, the parties notified the Court that the United States and Harris were to be dismissed as parties to this case pursuant to a settlement. Filing 224. After being given a generous two months until July 13, 2020 to file a stipulation dismissing the United States and Harris as parties, Plaintiff and the United States requested and were granted a sixty-day extension, until September 14, 2020, to file the required stipulation. Filing 225; Filing

226. On August 24, 2020, the parties filed a motion and stipulation which dismissed the United States and codefendant, Robin Harris.[1] Filing 237.

## II. DISCUSSION

Upon objection to a magistrate judge's order on a nondispositive matter, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."); *Ferguson v. United States*, 484 F.3d 1068, 1076 (8th Cir. 2007) (same). "'Clearly erroneous' is a high standard to meet; the challenger must convince the reviewing court that a mistake has been made." *Napolitano v. Omaha Airport Auth.*, No. 8:08-CV-299, 2009 WL 1740826, at *3 (D. Neb. June 15, 2009) (quoting *Smith v. BMI, Inc.*, 957 F.2d 462, 463 (7th Cir. 1992)).

### A. Motion for Leave to File a Second Amended Complaint

Plaintiff objects to Magistrate Judge Nelson's Order denying her leave to file a second amended complaint. Filing 208 at 2. Plaintiff's proposed Second Amended Complaint includes additional factual allegations against now-dismissed party the United States and names now-dismissed party Harris. *See* Filing 141-1.

If the Court were to sustain Plaintiff's Objection, Plaintiff would be given leave to file a second amended complaint naming two parties who have already been dismissed from this case by stipulation of the parties. The proposed Second Amended Complaint also makes additional factual allegations against the now-dismissed United States. Plaintiff's motion to file a second

---

[1] The dismissal of the United States and Harris has had a significant impact on the issues to be decided related to Plaintiff's Objection. Thus, in the interest of efficiency, once it found out on May 12, 2020, that the parties intended to dismiss the United States, the Court chose to defer ruling until the required stipulation was finally filed on August 24, 2020.

3

amended complaint is therefore moot and the Court overrules Plaintiff's Objection relating to the Motion for Leave.

### B. Motion to Compel

Plaintiff's Motion to Compel seeks to force the United States to respond to certain interrogatories and requests for production served upon the United States while it was a party to this case. See Filing 145. Judge Nelson granted in part and denied in part Plaintiff's motion, Filing 200 at 11-25, and Plaintiff objects to the unfavorable portions of that ruling, Filing 208.

Federal Rule of Civil Procedure 33 confers upon a party a right to serve interrogatories on other parties. Federal Rule of Civil Procedure 34 similarly allows a party to seek documents or electronically stored information from other parties. As discussed above, the United States is no longer a party to this action. Thus, the discovery requests subject to Plaintiff's Motion to Compel are moot. See *Hansen v. Doe*, No. 4:06-CV3211, 2008 WL 183269, at *4 (D. Neb. Jan. 16, 2008) (granting the defendant's motion to dismiss and subsequently denying the plaintiff's motion to compel, and other related motions, as moot); *Colby v. Sarpy Cty.*, No. 8:04-CV-52, 2006 WL 519396, at *3 (D. Neb. Mar. 1, 2006) (granting a defendant's motion for summary judgment, dismissing said defendant as a party, and then denying the plaintiff's motion to compel discovery as moot). The Court therefore overrules Plaintiff's Objection to the magistrate judge's ruling on its Motion to Compel.

### C. Motion for Protective Order

The United States filed a Motion for Protective Order seeking to limit the scope of discovery in various ways. Filing 167; Filing 169 at 1. Plaintiff opposed all grounds for a protective order asserted by the United States. Filing 174.

"To be sure, Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36, 104 S. Ct. 2199, 2209, 81 L. Ed. 2d 17 (1984).

1. *Subpoena to Titan Medical Group*

In its Motion for Protective Order, the United States sought to limit the scope of discovery relating to a Notice of Rule 45 Subpoena Duces Tecum issued to Titan Medical Group, a non-party, which staffed Brandon Smith and other contractors for the Winnebago Hospital medical lab. Filing 200 at 26. The United States sought a protective order as to the subpoena to Titan Medical Group on relevance among other grounds. Filing 169 at 25-27. Magistrate Judge Nelson determined the subpoena to be issued to Titan Medical Group sought discovery that was not relevant to the subject matter of the litigation. Filing 200 at 26-27.

As Judge Nelson correctly stated, the proposed subpoena to Titan Medical Group seeks documents and information regarding facts and theories Plaintiff wished to be allowed to bring forth in its proposed second amended complaint, which Plaintiff was not given leave to file. Filing 200 at 26-27. While Judge Nelson correctly found that the proposed subpoena to Titan Medical Group should not have been allowed even while the United States was a party in this case, the subpoena certainly is not proper now that the United States has been dismissed.[2] The Court finds

---

[2] The Court has considered the question whether Defendant United States' resistance to the Titan Medical Subpoena somehow "goes away" upon its dismissal as a party to the case thus meaning the Court should simply sustain Plaintiff's objection as to the subpoena. The Court concludes Judge Nelson's decision on this issue was not clearly erroneous when made. Secondly, the fact parties have been dismissed and the claims accordingly narrowed further supports the decision not to allow the subpoena because the justification for the subpoena rested in part upon the additional allegations of the proposed Second Amended Complaint which the Court did not allow Plaintiff to file. The Court will not try to read tea leaves and guess whether this or a revised subpoena is suddenly proper now that the objecting party is dismissed from the case. If Plaintiff believes a revised subpoena to Titan Medical should be allowed despite the changed circumstances, they are allowed under the Federal Rules of Civil Procedure to make argument to the Court why they should be given leave to issue this subpoena outside of the written discovery deadline.

no clear error or wrongful application of law in Magistrate Judge Nelson's order as to the subpoena to Titan Medical Group and overrules Plaintiff's Objection as to that subpoena.

2. *Rule 30(b)(6) Deposition Notice*

The Motion for Protective Order filed by the United States also sought to limit Plaintiff's Notice to Take Rule 30(b)(6) Deposition of IHS. Filing 169 at 1. The United States argued the topics sought to be discussed in the Rule 30(b)(6) deposition were privileged, overly broad, and irrelevant. Filing 169 at 7-25. Plaintiff responded that "IHS, by and through the United States, is a defendant to this lawsuit." Filing 174.

As to the 30(b)(6) deposition topics, Magistrate Judge Nelson (1) limited questioning related to Winnebago Hospital lab, Brandon Smith, and/or Titan Medical due to relevance, (2) limited requests for production to the Winnebago Hospital's emergency department on the basis of relevance, (3) and limited topics related to "medical quality assurance records" as defined and protected by 25 U.S.C. § 1675. Filing 200 at 26-32. Plaintiff subsequently objected to these conclusions and argued that its Motion for Leave ties in closely with the relevance of any laboratory discovery. Filing 209 at 17-18. Plaintiff further notes that the information she seeks goes "hand-in-hand with the operation of the Hospital's emergency room, its laboratory, and the training of the medical, nursing, and laboratory staff, among other things." Filing 209 at 18.

The Rule 30(b)(6) deposition notice seeks discovery from IHS, an agency of the United States, but the United States is no longer a party to this lawsuit. "[A] Rule 30(b)(6) Notice is not an effective means of demanding discovery from a nonparty. Thus, under the federal rules, Plaintiff [is] required to request discovery through use of a subpoena, in compliance with Fed. R. Civ. P. 45 . . . ." *Cecetka v. Lincoln Reg'l Ctr.*, No. 4:16CV3140, 2018 WL 1629017, at *2 (D. Neb. Apr.

4, 2018). Given the filings in this case after Judge Nelson issued his order on February 20, 2020, the entire Rule 30(b)(6) deposition notice is no longer proper or enforceable.

The topics stricken by Magistrate Judge Nelson primarily seek discovery regarding facts and theories Plaintiff sought to be allowed to bring forth in its proposed Second Amended Complaint. Those facts and theories involve further allegations against the United States, which has been dismissed as a party. The Court finds no clear error or wrongful application of law in Magistrate Judge Nelson's order as to the Notice of Rule 30(b)(6) Deposition to IHS and overrules Plaintiff's Objection as to that notice. The Court further concludes that the notice is no longer enforceable as to IHS because the United States is no longer subject to deposition notices in this case.[3]

### III. CONCLUSION

For the foregoing reasons, the Court overrules Plaintiff's Objection to Magistrate Judge Nelson's Order.

IT IS ORDERED:

1. Plaintiff's Statement of Objections to Magistrate Judge's Order (Filing 208) is overruled;
2. Plaintiff's Motion for Leave to File a Reply Brief (Filing 216) is denied; and
3. This matter is referred to the magistrate judge for case progression.

Dated this 18th day of September, 2020.

---

[3] The Third Amended Progression Order required depositions to be completed by September 15, 2020. Although Plaintiff certainly knew they could not enforce a deposition notice on an agency of the United States once the United States was dismissed, the question remains whether any revised deposition notice to IHS served pursuant to a subpoena should be allowed now given the changed circumstances of this case. The topics originally allowed by Judge Nelson certainly assumed the United States was a party, and now it is not. The resolution of this question is beyond the scope of this Order. The Court notes that, even considering the changed circumstances and even if the Court were to allow the deposition of IHS, the United States would still be able to make objections to any properly served deposition subpoena as a nonparty.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge

8